IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-50876-mmp |
| TRIAD MOTORS, LTD. | § | |
| D/B/A HOVEY MOTORCARS, | § | |
| | § | |
| *DEBTOR*. | § | CHAPTER 11 |

**XL FUNDING, LLC D/B/A AXLE FUNDING'S MOTION FOR RELIEF FROM AUTOMATIC STAY REGARDING MOTOR VEHICLE INVENTORY, CHATTEL PAPER, PROCEEDS AND CHATTEL PAPER PROCEEDS**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN 14 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Movant, XL Funding, LLC d/b/a Axle Funding, successor-in-interest to Auction Credit Enterprises, LLC (hereinafter "Movant" or "XLF"), files this its Motion for Relief from Automatic Stay Regarding Motor Vehicle Inventory, Chattel Paper, Proceeds, and Chattel Paper Proceeds (the "Motion"), and in support thereof would respectfully show the Court the following:

**I. JURISDICTION**

1.  This is a proceeding under Bankruptcy Rules 4001 and 9014, seeking relief under Sections 362(d) and 1301(c) of the Bankruptcy Code. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1334 and Section 362 of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. Section 157.

## II. Facts

2. Debtor, Triad Motors, LTD. d/b/a Hovey Motorcars ("Debtor") filed its Chapter 11 Bankruptcy petition on May 10, 2024 (the "Petition Date") [Doc. # 1]. The Debtor is in the business of selling motor vehicles.

3. XLF is in the business of providing secured financing to car dealers through which those car dealers may finance some or all of their inventory held for resale to retail consumers ("floor plan financing").

4. On or about July 24, 2019, Movant and Debtor entered into a floor plan financing agreement whereby Debtor executed a Demand Promissory Note and Security Agreement (the "Note") in favor of Movant. A true and correct copy of the Note is attached hereto as Exhibit "A."

5. Pursuant to the Note, Movant, as Lender, agreed to make Advances (as defined in the Note) in its discretion as defined by the Note to Debtor for Debtor's purchase and acquisition of motor vehicle inventory. Concurrent with the execution of the Note, Debtor also executed Term Sheet, which a true and correct copy of which is attached hereto as Exhibit "B."

6. Pursuant to ¶ 3 of the Note, Debtor granted to Movant a security interest in all of Debtor's collateral, including all Accounts, Documents, Instruments, Chattel Paper (including without limitation letters of credit, documents of title, books and records), Inventory (as defined in the Note), whether now existing or acquired and wherever located, Purchase Money Inventory, and all additions, accessions, accessories, replacements, and Proceeds, together with any and all books and records.[1]

7. Moreover, pursuant to ¶¶ 2.3(e) and 7.7 of the Note, Debtor was required to hold in trust any and all sales proceeds from the disposition of any Lender-Financed Inventory (as defined in the Note) for repayment to Movant as follows:

---

[1] All capitalized terms are defined in ¶ 13 of the Note.

> Dealer shall pay in full in cash all Obligations to Lender at the offices of Lender, on demand and without notice, with respect to Lender-Financed Inventory on the earlier of: (a) twenty-four (24) hours from the time Dealer receives payment by or on behalf of purchaser of an item of Lender-Financed Inventory; (b) forty-eight (48) hours after the disposition by sale or otherwise of an item of Lender-Financed Inventory; (c) the Maturity Date[;] or (iv) upon demand by Lender.

8. Movant perfected its security interest in the collateral, including the Lender-Financed Inventory financed by Movant, by filing a blanket UCC-1 Financing Statement with the Texas Secretary of State. A true and correct copy of the UCC-1 Financing Statement filed by Movant is attached hereto as Exhibit "C."

9. Movant advanced to Debtor funds for the finance and purchase of Debtor's motor vehicle inventory. Pursuant to Movant's Receivable Detail Report reflecting motor vehicle inventory financed by Movant dated May 15, 2024, the unpaid balance of principal, interest and fees under the Note for advances made to Debtor was, at a minimum, $172,566.77. A true and correct copy of the Receivable Detail Report dated May 15, 2024, is attached hereto as Exhibit "D." The seven (7) vehicles identified in the Receivable Detail Report by year, make, model, color, and the last six numbers of the VIN shall be referred to as the "XLF Vehicles" for purposes of this Motion.

10. Upon information and belief, Debtor has sold the following vehicle, but has failed to remit the proceeds arising from such sale, or to otherwise hold the same in trust for the benefit of XLF, as required by the terms of the Note (the "SOT Vehicle"):

| Stk. No. | Year | Make | Model | VIN |
|---|---|---|---|---|
| 45 | 2013 | Chevrolet | Corvette | 1G1YV2DW0D5109588 |

11. Aside from the SOT Vehicle, the other XLF Vehicles have not been located, and XLF has not received payment from Debtor with respect to the sale or transfer of such XLF Vehicles (collectively, the "Missing Vehicles"):

| Stk. No. | Year | Make | Model | VIN |
|---|---|---|---|---|
| 44 | 2022 | Dodge | RAM 2500 | 3C6UR5DL4NG123805 |

| 43 | 2017 | Lexus | GX 460 | JTJBM7FXXH5178844 |
| 51 | 2004 | Dodge | RAM 3500 | 3D3MS48C15G793577 |
| 49 | 2001 | Chevrolet | Corvette | 1G1YY12S215127765 |
| 50 | 2014 | Mercedes-Benz | GLK-Class | WDCGG5HB3EG205804 |

Debtor has failed to provide information as to the location of the Missing Vehicles and further failed to timely deliver the proceeds from any sale of the Missing Vehicles despite Debtor's obligations to hold the sales proceeds in trust for the benefit of Movant and remit the sales proceeds within forty-eight hours of receipt.

12. Finally, as of the Petition Date, the below-listed XLF-financed vehicle was unpaid (the "Camaro"). However, Debtor initiated payment in the amount of $10,295.35 to XLF for said vehicle on or about May 20, 2024:

| Stk. No. | Year | Make | Model | VIN |
|---|---|---|---|---|
| 52 | 2002 | Chevrolet | Camaro | 2G1FP32G822117711 |

13. Upon information and belief, the Camaro was sold to a customer of Debtor and the amount paid was due and owing for the sale of XLF's collateral pursuant to the terms of the Note. XLF requests the ability to retain such payment.

14. The sum of the fair market value for the Missing Vehicles based on the original principal amount advanced by Movant to Debtor, as reflected on the Exhibit "D" Receivable Detail Report, is estimated to be approximately $160,743.00. Therefore, Debtor has no equity interest in the Missing Vehicles, and further has no equity interest in any sales proceeds to the extent Debtor sold the SOT Vehicle and Camaro at the estimated fair market value of such vehicles.

15. Upon information and belief, Debtor has concealed, transferred, hidden or sold the Missing Vehicles and Camaro in violation of the covenants and conditions set forth in the Note. If Movant is not permitted to immediately seize Debtor's dealer's jackets, books, records, and chattel paper proceeds associated with the sale of any XLF Vehicles out of trust, recover the Missing

Vehicles, and retain possession of the proceeds from the Camaro, Movant will be irreparably harmed.

16. Upon information and belief, Debtor has already sold a motor vehicle constituting collateral of Movant without remitting to Movant the sales proceeds to be held in trust for the benefit of Movant. Should Debtor continue to sell or dispose of motor vehicle inventory without any obligation to hold the sales proceeds in a segregated account and remit the sales proceeds promptly to Movant, Movant's security interest in Debtor's motor vehicle inventory will be irreparably jeopardized and harmed.

17. Further, if the Missing Vehicles are not properly stored or secured, the Missing Vehicles may experience additional depreciation or loss in value due to fire, theft, improper storage, improper maintenance, or vandalism. It is also unknown whether valid insurance coverage applies to the Missing Vehicles if such Missing Vehicles are stored at a location other than Debtor's sales lot.

### III. RELIEF FROM STAY

18. By reason of the foregoing, Movant requests the Court terminate the stay so Movant may exercise all of its rights and remedies against the XLF Vehicles and Camaro, along with any proceeds and chattel paper related to the sale of the XLF Vehicles and Camaro, under state law, including, *inter alia*, foreclosing its security interest on same.

19. Under Section 362(d)(1), upon request and after notice and hearing, the bankruptcy court shall lift the automatic stay "for cause." *11 U.S.C.* § 362(d)(1). A court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" 11 U.S.C. § 362(d)(1). "Cause" is not defined in title 11, which therefore requires bankruptcy courts to determine whether cause exists on a case-by-case basis. *In re Reitnauer*, 152 F.3d 341, 343, n.4 (5th Cir. 1998).

20. Cause exists to immediately vacate the automatic stay as to all XLF Vehicles, the Camaro and/or proceeds or chattel paper proceeds thereto pursuant to 11 U.S.C. § 362(d)(1) for the following reasons: (1) Debtor has sold some or all of the XLF Vehicles out of trust and has improperly retained the sales proceeds that Debtor should have otherwise forwarded to Movant within twenty-four (24) hours of receipt per paragraph 2.3(e) of the Note; (2) the unsold XLF Vehicles are at risk of being sold out of trust unless Movant takes immediate action to secure their possession; (3) Movant is unable to verify whether the XLF Vehicles are being properly stored and maintained; (4) it is unclear whether valid and effective insurance coverage exists as to the XLF Vehicles; (5) the XLF Vehicles continue to depreciate while the bankruptcy stay is pending; and, (6) Debtor's conduct jeopardizes and irreparably harms Movant's security interest securing the Note since each XLF Vehicle that is sold out of trust negatively affects Movant's security interest in same.[2] Further, no adequate protection has been made to prevent Debtor from selling, transferring, or disposing of additional motor vehicle inventory without strict oversight of the funds received by the Debtor so that an accounting can be made to ensure Movant receives sales proceeds.

21. Relief from stay is also appropriate under 11 U.S.C. § 362(d)(2) in that Debtor has no equity in the XLF Vehicles, the Camaro, or their proceeds. The principal balance, as reflected by the Receivable Detail Report, due and owing by Debtor to Movant as of the Petition Date exceeds the combined value of the XLF Vehicles, excluding the Camaro. Additionally, the Collateral (including the XLF Vehicles or proceeds thereto) is not necessary for reorganization. Thus, stay relief is appropriate under 11 U.S.C. § 362(d).

22. Movant further requests that an order granting their motion for relief from automatic stay, if such order should be entered, will be effective immediately upon entry and that the provisions

---

[2] XLF does not concede this point.

of Rule 4001(a)(3) should be waived and Movant be permitted to immediately enforce and implement the order granting relief from the automatic stay.

### IV. CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated herein, Movant requests entry of the Order Lifting Automatic Stay As To Motor Vehicle Inventory, Proceeds, Chattel Paper and Chattel Paper Proceeds, or alternatively, should a hearing be necessary, that this matter be set for hearing, if no objection is timely filed, as provided in Sections 362(e) and 1301(d) of the Bankruptcy Code, and that the Court enter the attached proposed Order Lifting Automatic Stay Regarding Motor Vehicle Inventory, Proceeds, Chattel Paper and Chattel Paper Proceeds granting Movant relief from the Automatic Stay to permit XLF to foreclose its lien on the XLF Vehicles, Chattel Paper, Chattel Paper Proceeds, and proceeds from the sale of the Camaro as prayed for in this motion, and grant to Movant such other and further relief to which it may be justly entitled. Movant reserves all rights and remedies with respect to other collateral subject to its blanket lien that is not otherwise referenced or addressed this Motion.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P.
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
(817) 338-1616 – Telephone
(817) 338-1610 – Facsimile

/s/ Owen C. Babcock
Alan B. Padfield
State Bar I.D. #00784712
abp@padfieldstout.com
Owen C. Babcock
State Bar I.D. # 24104585
obabcock@padfieldstout.com

*Attorneys for Movant*

## CERTIFICATE OF CONFERENCE

On May 28, 2024, counsel for Movant attempted to confer with counsel for Debtor regarding the relief sought herein. As of the filing of this Motion, Movant has not received a response to its attempts. Therefore, the foregoing is submitted to the Court for determination.

/s/ Owen C. Babcock
Owen C. Babcock

## CERTIFICATE OF SERVICE

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Thursday, May 30, 2024; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| **Triad Motors, LTD.**<br>30775 IH 10 West<br>Boerne, Texas 78006<br><br>*Debtor* | **James S. Wilkins**<br>James S. Wilkins, PC<br>1100 NW Loop 410, Suite 700<br>San Antonio, Texas 78213<br><br>*Attorney for Debtor* |
|---|---|
| **United States Trustee**<br>615 E. Houston, Suite 533<br>San Antonio, Texas 78205 | **All those receiving ECF notification in this case and on the attached list of the 20 largest unsecured creditors.** |

/s/ *Owen C. Babcock*
Owen C. Babcock

| | | |
|---|---|---|
| AMERICAN EXPRESS - CORPORATE<br>P.O. BOX 6031<br>CAROL STREAM, IL | AMERICAN EXPRESS - PLATINUM<br>P.O. BOX 6031<br>CAROL STREAM, IL | AUSTIN TONROY<br>407 HWY 289<br>Comfort, TX 78013 |
| AXLE FUNDING<br>15301 N. DALLAS PARKWAY<br>STE. 800<br>Addison, TX 75001 | CARLOS MOORE<br>1218 SOUTH MAIN, UNIT B<br>Boerne, TX 78006 | CDK GLOBAL, LLC<br>P.O. BOX 88921<br>Chicago, IL 60695-1921 |
| CHRISTOPHER GROSE<br>13262 HUNDERS LARK<br>San Antonio, TX 78230 | CRAIG PORTER<br>11 ORSINGER<br>San Antonio, TX 78230 | CRAIG PORTER<br>11 ORSINGER<br>San Antonio, TX 78230 |
| DAVID HEEMAN<br>11844 BANDERA #265<br>Helotes, TX 78023 | DAVID RIVERA<br>27618 WILD BLOOM<br>San Antonio, TX 78260 | FELIX PARDO<br>715 PINS FOREST<br>San Antonio, TX 78253 |
| GREGORY REHELD<br>8629 SHADY GATE<br>Boerne, TX 78015 | JANE GUERRERO<br>14555 GUNTER AVE.<br>San Antonio, TX 78245 | KENNETH DORROUGH<br>581 HARBOUR WAY<br>LAKE HILLS, TX |
| LUIS DELAGARZA<br>27595 IH 10 W #1238<br>Boerne, TX 78006 | MIGUEL ESPINOZA<br>21259 CORAL SPUR<br>San Antonio, TX 78259 | PAUL KIRISITS<br>3223 ROSETTI DR.<br>San Antonio, TX 78247 |
| ROBERT NOHRN<br>148 DODGE ROAD<br>Boerne, TX 78006 | WILLIAM CAISSE<br>3036 FALL VALLEY DR.<br>San Antonio, TX 78247 | |

Twenty Largest Unsecured Creditors
Case No. 24-50876