IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In Re: | § | CASE No. 24-50876-mmp |
| TRIAD MOTORS, LTD. | § | |
| d/b/a HOVEY MOTOR CARS, | § | |
| DEBTOR | § | CHAPTER 11 |

**LIMITED OBJECTION AND RESPONSE OF SECURITY SERVICE FEDERAL CREDIT UNION TO XL FUNDING, LLC D/B/A AXLE FUNDING'S MOTION FOR RELIEF FROM AUTOMATIC STAY REGARDING MOTOR VEHICLE INVENTORY, CHATTEL PAPER, PROCEEDS AND CHATTEL PAPER PROCEEDS (DKT. 22)**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE, MICHAEL M. PARKER:

Comes now Security Service Federal Credit Union ("SSFCU"), and files its Limited Objection and Response to XL Funding, LLC D/B/A Axle Funding's Motion for Relief from Automatic Stay Regarding Motor Vehicle Inventory, Chattel Paper, Proceeds and Chattel Paper Proceeds (Dkt. 22) ("Motion for Relief "), and in support of same, shows the Court the following:

1. Debtor filed a Chapter 11 Voluntary Petition on May 10, 2024.

2. XL Funding, LLC D/B/A Axle Funding ("XLF") filed its Motion for Relief on May 30, 2024 (Dkt. 22) and a hearing for the same is scheduled for 10 a.m. on June 17, 2024 in SA Courtroom 1.

3. SSFCU files its limited objection and response to XLF's Motion for Relief to assert its superior lien in one vehicles listed in the motion.

4. Simply stated Debtor sold cars to consumers; SSFCU purchased the sales contracts the consumers entered with Debtor, becoming the lender for purchase of the vehicles. The lien XLF held as the Floor Planner is terminated upon the consumer transaction and SSFCU's lien is superior.

**SSFCU PURCHASED DEBTOR'S VEHICLE CONTRACTS**

5. SSFCU and Debtor Triad Motors, LTD, dba Hovey Motorcars, are parties to a "Non-

Recourse Agreement, Motor Vehicle Retail Financing Agreement" dated December 4, 2001 ("Vehicle Financing Agreement"). A true and correct copy of the Vehicle Financing Agreement is attached hereto and incorporated herein by reference for all purposes as **"Ex. A"**. The purpose of the Vehicle Financing Agreement is to allow SSFCU to purchase vehicle sales contracts from Debtor for vehicles Debtor sold to consumers. SSFCU's purchase of the vehicle sales contract allows Debtor to pay the debt owed to XLF, as the floor-planner. SSFCU's lien is a first lien priority interest in each vehicle it purchases and finances.

6. XLF's allegation related to SSFCU's Objection is Debtor sold a 2022 Dodge Ram 2500 truck, VIN 3C6UR5DL4NG123805, ("2022 Dodge Truck"), but failed to remit the proceeds from the sale or to hold the proceeds in trust for XLF's benefit. *See XLF's Motion for Relief, ¶10, p.3*. SSFCU purchased the contract of sale for the purchase of the 2022 Dodge Truck from Debtor in which XLF claims a priority first lien interest. The purchaser of the 2022 Dodge Truck form Debtor was Douglas A. Johnson. The contract purchase SSFCU made with Debtor included the following documents related to Mr. Johnson's purchase of the 2022 Dodge Truck:

- a. "Motor Vehicle Retail Installment Sales Contract" ("Vehicle Sales Contract"), **Ex. B**, attached hereto and incorporated herein for all purposes;

- b. "SSFCU Additional Terms of Retail Installment Sales Contract", **Ex. C** attached hereto and incorporated herein for all purposes;

- c. "Wholesale Value Details", **Ex. D** attached hereto and incorporated herein for all purposes;

- d. "GAP Addendum" **Ex. E** attached hereto and incorporated herein for all purposes;

- e. "Insurance Coverage Acknowledgment", **Ex. F** attached hereto and incorporated herein for all purposes;

- f. " Hovey Motorcars Retail Purchase Agreement", **Ex. G** attached hereto and incorporated herein for all purposes; and

g. "Application for Texas Title and/or Registration", **Ex. H** attached hereto and incorporated herein for all purposes.

Documents a-g (**Ex. "B-H"**), shall be referred to as the "Vehicle Contact Sales Packet". Also attached as **Ex "I"** is a copy of the SSFCU's internal document evidencing payment to Debtor for the Vehicle Sales Contract related to the 2022 Dodge Truck. A clause assigning the Vehicle Sales Contract to SSFCU is included in the contract the consumer buyer signed. Debtor thereafter would execute a "Dealer's Reassignment of Title for a Motor Vehicle" to the consumer buyer and complete an Application for Texas Title and/or Registration listing SSFCU as a first lienholder.

### XLF'S LIEN IS SECONDARY TO SSFCU'S LIEN IN CONTRACTS PURCHASED FROM DEBTOR

7. As a matter of Texas law SSFCU's lien is superior to XLF's floor plan lien. The analysis begins with the Tex. Bus. & Com. Code §2.105(a) [1] definition of "goods" as "all things which are movable at the time of identification to the contract for sale...". *Tex. Bus. & Com. Code Ann. § 2.105(a)* (1994). A vehicle is included in the definition. This section of the *Bus. and Com. Code* matters, because the title to the vehicle passes at the time and place at which the seller completes performance, even if a security interest exists or the title is delivered at a later time. *Tex. Bus. & Com. Code Ann. § 2.401(b)* (1994).

8. Consumer buyers purchasing a vehicle from Debtor are buyers in the ordinary course of business and take "free of a security interest created by the buyer's seller, even if the security interest

---

[1] *Tex. Bus & Com. Code Ann. §2.105*(a) "Goods" means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Chapter 8) and things in action. "Goods" also includes the unborn young of animals and growing crops and other identified things attached to realty as described in the section on goods to be severed from realty (Section 2.107).

is perfected". *Tex. Bus. & com. §9.320(a)*. Buyer in the ordinary course of business" is defined in relevant part as:

> "a person that buys goods in good faith, without knowledge that the sale violates the rights of another person in the goods, and in the ordinary course from a person . . . in the [*15] business of selling goods of that kind. A person buys goods in the ordinary course if the sale to the person comports with the usual or customary practices in the kind of business in which the seller is engaged or with the seller's own usual or customary practices. . . . Only a buyer that takes possession of the goods or has a right to recover the goods from the seller under Chapter 2 may be a buyer in ordinary course of business."
> *Id. § 1.201(b)(9).*

"Good faith" is defined as "honesty in fact and the observance of reasonable commercial standards of fair dealing." *Id. § 1.201(b)(20).*

9. The Dallas Court of Appeals found that "a buyer from a car dealership in the ordinary course of business terminates the floor plan financier's security interest in the same vehicle." *One World Bank v. Miller* 2023 Tex. App. LEXIS 363, at *23; 2023 WL 333712 Tex. App. Dallas Jan 21, 2023, citing *First National Bank of El Campo, Texas v. Buss*, 153 S.W. 3d 915, 923-24 (Tex. App-Corpus Christi-Edinburg 2004, pet denied). As such, SSFCU's lien on the title is superior to Next-Gear's lien which was cutoff by the consumer buyer's purchase of a vehicle from Debtor, which in turn sold the Vehicle Sales Contract to SSFCU.

10. SSFCU is the lien holder on the 2022 Dodge Truck the subject of the sale to Mr. Johnson, a consumer buyer. SSFCU holds a first lien superior to XLF. Debtor is charged with completing all forms and documents to properly perfect the security interest of SSFCU as per the Vehicle Financing Agreement. *See "Ex. A", p.3*. Further, SSFCU has the right post-petition to take any remaining steps to perfect the liens which arose pre-petition. *11 U.S.C. §362(3).*

Wherefore, SSFCU objects to XLF's Motion for Relief on a limited basis if relief is sought

as to the one vehicle listed herein. As such, SSFCU prays that the Court grant its Objection to XLF's Motion for Relief and deny relief from the automatic stay as to the 2022 Dodge Ram 2500 truck, VIN 3C6UR5DL4NG123805, in which SSFCU holds a first and priority lien. SSFCU requests any further relief as it may be justly entitled to receive.

Dated: June 12, 2024.

Respectfully submitted,

Law Offices of Elizabeth G. Smith
6655 First Park Ten, Suite 240
San Antonio, Texas 78213
Phone: 210-731-9177   Fax: 210-731-9130
E-mail: beth@egsmithlaw.com
By:      /s/ *Elizabeth G. Smith*
   Elizabeth G. Smith
   State Bar No. 18577200
**Attorney for Security Service Federal Credit Union**

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2024, a true and correct copy of the foregoing Limited Objection and Response by Security Service Federal Credit Union to XLF Capital, Inc.'s Motion for Relief from Automatic Stay was served to the Debtor, Debtor's counsel, the U.S. Trustee, the parties who have filed their appearance in this case shown below, and all parties listed in the Service List attached hereto either through the Court's ECF system or via U.S. First Class Mail, postage prepaid:

**by E-Notice of their appearance in this case as follows:**
Debtor's Attorney, James S. Wilkins, Wilkins & Wilkins, L.L.P., 1100 NW Loop 410, Suite 700 San Antonio, TX 78213,   jwilkins@stic.net

U.S. Trustee, Jeremy Shane Flannery, 615 E. Houston, Suite 533, San Antonio, TX 78205, jeremy.s.flannery@usdoj.gov

NextGear Capital, Inc., c/o Greenberg Traurig, LLP, Attn: John D. Elrod, 333 Piedmont Rd NE, Suite 2500, Atlanta, GA 30305-1780; elrodj@gtlaw.com

Miguel Espinoza c/o Gerrit Schulze, 13750 San Pedro, Suite 810, San Antonio, TX 78232
gerrit@txsuits.com;

United Texas Credit Union c/o D. Wade Hayden, Hayden & Cunningham, PLLC, 7750 Broadway, San Antonio, TX 78209   whayden@7750law.com

XL Funding, LLC d/b/a Axel Funding c/o Mark W. Stout or Owen C. Babcock, Padfield & Stout, LLP, 100 Throckmorton Street, Suite 700, Fort Worth, TX 76102, mstout@padfieldstout.com; obabcock@padfieldstout.com

**by First Class Mail as follows:**
**Debtor:** Triad Motors, Ltd., 30775 IH 10 West, Boerne, TX 78006;
and, to those parties per the attached Service List w/o exhibits **(EXHIBITS AVAILABLE UPON REQUEST FROM THE UNDERSIGNED COUNSEL)**.

Dated: June 12, 2024.

By: _____/s/ *Elizabeth G. Smith*_____
　　　Elizabeth G. Smith
　　　**Attorney for Security Service Federal Credit Union**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-5<br>Case 24-50876-mmp<br>Western District of Texas<br>San Antonio<br>Wed Jun 12 14:29:44 CDT 2024 | Triad Motors Ltd.<br>30775 IH-10 West<br>Boerne, TX 78006-9211 | U.S. BANKRUPTCY COURT<br>615 E. HOUSTON STREET, ROOM 597<br>SAN ANTONIO, TX 78205-2055 |
| ADMIRAL PROPERTIES OF TEXAS<br>30775 IH 10 WEST<br>Boerne, TX 78006-9211 | ADRAIN VALAZQUEZ<br>4713 CLUB FACE<br>San Antonio, TX 78261-1742 | AMERICAN EXPRESS - CORPORATE<br>P.O. BOX 6031<br>CAROL STREAM, IL 60197-6031 |
| AMERICAN EXPRESS - PLATINUM<br>P.O. BOX 6031<br>CAROL STREAM, IL 60197-6031 | AUSTIN TONROY<br>407 HWY 289<br>Comfort, TX 78013-3418 | AXLE FUNDING<br>15301 N. DALLAS PARKWAY<br>STE. 800<br>Addison, TX 75001-6713 |
| American Express - Blue Prints<br>POB 6031<br>Carol Stream, IL 60197-6031 | CARLOS MOORE<br>1218 SOUTH MAIN, UNIT B<br>Boerne, TX 78006-2828 | CDK GLOBAL,LLC<br>P.O. BOX 88921<br>Chicago, IL 60695-1921 |
| CHRISTOPHER GROSE<br>13262 HUNDERS LARK<br>San Antonio, TX 78230-2018 | CRAIG PORTER<br>11 ORSINGER<br>San Antonio, TX 78230 | DAVID HEEMAN<br>11844 BANDERA #265<br>Helotes, TX 78023-4132 |
| DAVID RIVERA<br>6511 Fountain Way<br>South Padre Island, TX 78597-7738 | FELIX PARDO<br>715 PINS FOREST<br>San Antonio, TX 78253-5843 | GREGORY REHELD<br>8629 SHADY GATE<br>Boerne, TX 78015 |
| Gerrit Schulze<br>13750 San Pedro<br>Suite 810<br>San Antonio, TX 78232-4320 | JANE GUERRERO<br>14555 GUNTER AVE.<br>San Antonio, TX 78254-1818 | JOHN N. PHILLIPS<br>21207 ACORN COVE<br>San Antonio, TX 78258-7443 |
| John Quintanilla<br>165 W. Rampart, Apt 503<br>San Antonio, TX 78216-6768 | KENNETH DORROUGH<br>581 HARBOUR WAY<br>LAKE HILLS, TX 78063-6786 | LUIS DELAGARZA<br>27595 IH 10 W #1238<br>Boerne, TX 78006-6695 |
| MIGUEL ESPINOZA<br>21259 CORAL SPUR<br>San Antonio, TX 78259-2070 | Miguel Espinoza<br>c/o Gerrit Schulze<br>13750 San Pedro<br>Suite 810<br>San Antonio, Texas 78232<br>gerrit@txsuits.com   78232-4320 | NEXTGEAR CAPITAL, INC.<br>11799 N. COLLEGE AVENUE<br>Carmel, IN 46032-5605 |
| NextGear Capital, Inc.<br>c/o Greenberg Traurig, LLP<br>Attn: John D. Elrod<br>3333 Piedmont Rd NE, Suite 2500<br>Atlanta, GA 30305-1780 | PAUL KIRISITS<br>3223 ROSETTI DR.<br>San Antonio, TX 78247-5108 | ROBERT NOHRN<br>148 DODGE ROAD<br>Boerne, TX 78006 |

| | | |
|---|---|---|
| SBA DISASTER LOAN<br>14925 KINGSPORT RD.<br>FT. WORTH, TX 76155-2243 | STEVEN B. BASS<br>Assistant United States Attorney<br>903 San Jacinto Blvd., Suite 334<br>Austin, Texas 78701-2449 | Security Service Federal Credit Union<br>c/o Law Offices of Elizabeth G. Smith<br>6655 First Park Ten, Suite 240<br>San Antonio, TX 78213-4304 |
| Steve CJDR Gonzles, LLC<br>3698 N. Hwy 183<br>Gonzales, TX 78629-2178 | United States Trustee - SA12<br>US Trustee's Office<br>615 E Houston, Suite 533<br>San Antonio, TX 78205-2055 | United Texas Credit Union<br>c/o D. Wade Hayden<br>Hayden & Cunningham, PLLC<br>7750 Broadway<br>San Antonio, Texas 78209-3244 |
| WILLIAM CAISSE<br>3036 FALL VALLEY DR.<br>San Antonio, TX 78247-3224 | XL Funding, LLC<br>c/o Owen C. Babcock<br>Padfield & Stout, LLP<br>100 Throckmorton, Ste. 700<br>Fort Worth, TX 76102-2837 | James Samuel Wilkins<br>James S. Wilkins, PC<br>1100 NW Loop 410, Suite 700<br>San Antonio, TX 78213-2258 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Kenneth Dorrough
581 Harbour Way
Lake Hills, TX 78063-6786

End of Label Matrix
Mailable recipients    38
Bypassed recipients     1
Total                  39